

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

| MEMO ENDORSED | Application **GRANTED IN PART.** The United States' expert disclosures are due on **November 15**, 2024; Hartford's and Wilson's expert disclosures are due on **December 6**, 2024; expert discovery shall conclude on **January 6**, 2025. |

**By ECF**

The Honorable Dale E. Ho
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

The Clerk of Court is directed to terminated ECF No. 57.

SO ORDERED.

Date:   October 31, 2024
        New York, New York



Dale E. Ho
United States District Judge

**Re:**   *United States of America v. Property and Casualty Insurance Company of Hartford*, No. 23-cv-619 (DEH)

Dear Judge Ho:

This Office represents Plaintiff the United States of America (the "United States" or the "government") in the above referenced action.  The United States brought this action against Defendant Property and Casualty Insurance Company of Hartford ("Hartford") under 38 U.S.C. § 1729, to recover the costs of medical care provided by the United States Department of Veterans Affairs (the "VA") to Richard Wilson ("Wilson"), a veteran.  Hartford subsequently filed a third-party complaint against Wilson.

I write respectfully to provide an update on the status of discovery and to seek a temporary stay of the expert discovery deadlines.  All parties agree to this request.

Fact discovery concluded on October 18, 2024, and expert discovery is underway.  Under the current schedule, the United States' expert disclosures are due on November 1, 2024; Hartford's and Wilson's expert disclosures are due on November 22, 2024; and expert discovery is set to conclude on December 20, 2024.  *See* ECF No. 55.

I seek a stay of the expert discovery deadlines because the parties have been discussing the possibility of negotiating a stipulated damages agreement.  Under such an agreement, the parties would reserve all arguments concerning the United States' right to recover under § 1729, but they would try to reach a stipulation as to which specific instances of medical care are recoverable if the United States prevails on the ultimate issue of its right of recovery.  The parties are hopeful that such an agreement, if successful, may obviate the need for expert discovery, and, at the very least, would narrow the scope of expert discovery.  This may save the parties the expense of expert discovery and would streamline the issues to be decided by the Court.

I also seek this stay of expert discovery because Hartford and the United States have been engaged in meet-and-confers regarding a discovery dispute with respect to the scope of relevant and responsive records, including certain records relating to Wilson's medical conditions, to the VA's treatment of Wilson, and to Hartford's claim file.  Some such documents likely are relevant to issues to be addressed by the parties' experts.  The parties have been communicating in good faith to attempt to settle this dispute and, if the parties are able to reach the stipulated agreement described above, this discovery may no longer be necessary.

Accordingly, I respectfully seek a temporary stay of the expert discovery deadlines, or, in the alternative, a 60-day extension of those deadlines.[1]  I recognize that the Court previously granted four extensions of the deadline for fact discovery and advised the parties that no further extensions would be granted absent extraordinary circumstances.  I nevertheless make this request for a stay because, as noted above, the potential stipulated agreement discussed by the parties has the potential to save the parties significant expenses and to narrow the scope of the parties' disputes in this matter.  All parties agree to this approach, and, if the Court grants this stay of expert discovery, I respectfully propose that the parties submit a letter to the Court on or before December 20, 2024, informing the Court as to the status of the parties' negotiations.

Thank you for the Court's consideration of this request.

Respectfully,

DAMIAN WILLIAMS
United States Attorney

/s/ Mary Ellen Brennan

BY:    MARY ELLEN BRENNAN
Assistant United States Attorney
Tel.: (212) 637-2652
maryellen.brennan@usdoj.gov

---

[1] I respectfully submit that 60 days would provide time for the parties to engage in a series of meet-and-confers regarding the damages issue, which may take time to resolve given the length of time the VA has been providing Wilson with medical care.  This timeline also takes into account potential delays caused by the holidays and a trial I have in another matter in early December.